UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:10-1160-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Avery Deron Sumter, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief pursuant to 28 U.S.C. § 2255. ECF No. 242 (filed Jan. 3, 2012). Defendant currently has a direct appeal pending before the Fourth Circuit Court of Appeals. ECF No. 166 (filed Sept. 20, 2011). Counsel has been appointed by the Fourth Circuit Court of Appeals to represent Defendant on appeal.

While a District Court is not without jurisdiction to consider a § 2255 motion while an appeal is pending, "a § 2255 motion is generally not heard where a direct appeal is pending, except in 'exceptional circumstances.'" *United States v. Williams*, 110 F.3d 62 at *1 (4th Cir. 1997) (Table) (quoting *Bowen v. Johnson*, 306 U.S. 19, 26-27 (1939)). Defendant does not suggest the existence of any exceptional circumstance warranting deviation from this established rule.

Additionally, it is possible that the appeal could resolve issues raised in the § 2255 motion. Therefore, Defendant's motion to vacate is premature. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because direct review relief may render moot the issues also raised on collateral review); *Walker v. Connor*, 72 F. App'x 3, 4 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending); and Rules Governing Section 2255 Proceedings, Rule 5 advisory committee note (stating that the orderly administration of criminal law precludes

1

considering a § 2255 motion while appeal is pending absent extraordinary circumstances).[1]

Therefore, the court dismisses Defendant's motion for relief under 28 U.S.C. § 2255 **without prejudice**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 4, 2012

---

[1]Defendant is represented by counsel on appeal. A criminal defendant has no statutory or constitutional right to proceed *pro se* while simultaneously being represented by counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Consequently, a district court is not obligated to consider a counseled defendant's pro se motions. *See United States v. Essig*, 10 F.3d 968, 973 (3rd Cir. 1993). For this additional reason, therefore, the court will dismiss the motion without prejudice.