IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:10-1160-CMC |
| vs. | **OPINION AND ORDER** |
| Avery Deron Sumter, Defendant. | |

This case comes before the court on Defendant's *pro se* Motion Pursuant to the First Step Act of 2018. ECF No. 315. Defendant requests appointment of counsel to determine whether he is eligible for relief under the First Step Act. For the reasons explained below, Defendant's motion is denied.

Defendant was indicted on December 7, 2010 on four counts. ECF No. 19. Count 1 charged conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *Id.* Count 2 charged Hobbs Act Robbery, Count 3 charged conspiracy to possess firearms in furtherance of a drug trafficking crime, and Count 4 charged possession of a firearm in furtherance of a drug trafficking crime. *Id.* Defendant entered into a Plea Agreement to plead guilty to a lesser included charge of Count 1, specifically, conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, a violation of §§ 841(a)(1), (b)(1)(C), and 846; and entered a guilty plea on May 11, 2011. ECF Nos. 110, 111. He was sentenced on September 16, 2011, to 188 months' imprisonment and three years' supervised release. ECF No. 157. On August 25, 2015, an Amended Judgment was entered pursuant to Amendment 782, and reduced Defendant's sentence to 151 months.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base required

to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* Consideration for a reduction in sentence is not available under the First Step Act "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at §404(b). However, the First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

A motion under the First Step Act on Defendant's behalf would fail for two reasons. First, because Defendant was convicted of a cocaine offense in violation of § 841(b)(1)(C), and the enactment of the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with that conviction, he is not eligible for consideration of a reduction under the terms of the First Step Act. Second, Defendant was indicted in December 2010 and pled guilty and was sentenced in 2011 – after the enactment of the Fair Sentencing Act of 2010. His sentence was therefore imposed "in accordance with the amendments" of the Fair Sentencing Act, and he is ineligible for a reduction pursuant to the First Step Act. Accordingly, Defendant's motion for appointment of counsel regarding eligibility under the First Step Act (ECF No. 315) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 9, 2019